# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------------x
                                                              :
**CRFD RESEARCH, INC.,**                                      :      C.A. No. _____
                                                              :
                            **Plaintiff,**      :
                                                              :
                                                              :
          **v.**                                   :
                                                              :
                                                              :      **JURY TRIAL DEMANDED**
**AMAZON.COM, INC. and**                                      :
**AMAZON WEB SERVICES, INC.,**                                :
                                                              :
                  **Defendants.**      :
-------------------------------------------------------------------------x

## Complaint for Patent Infringement

Plaintiff CRFD Research, Inc. ("CRFD") alleges the following for its complaint of patent infringement against Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Defendants" or "Amazon").

## Nature of the Action

This is an action for patent infringement of United States Patent No. 7,191,233 (the "'233 Patent") and United States Patent No. 7,574,486 (the "'486 Patent") (collectively the "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.*

## The Parties

1.      Plaintiff CRFD is a Delaware corporation with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.      On information and belief, Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of

business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon.com, Inc. has

appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington,

Delaware 19808 as its agent for service of process.

   3.  On information and belief, Defendant Amazon Web Services, Inc. is a corporation

organized and existing under the laws of the State of Delaware, with its principal place of

business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon Web Services, Inc.

has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington,

Delaware 19808 as its agent for service of process.

<b>Jurisdiction and Venue</b>

   4.  This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 of the United States Code.

   5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

   6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b)

because, among other reasons, Defendants have transacted business in the State of Delaware,

including at least some of the infringements alleged herein.

   7.  Upon information and belief, this Court has personal jurisdiction over Defendants

because they are corporations organized under the laws of the State of Delaware and have

purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

<b>Joinder</b>

   8.  CRFD's rights to relief are asserted against Defendants jointly, severally, or in the

alternative, with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences related to the making, using, importing into the United States,

2

offering for sale, or selling of the same accused product or process; and questions of fact common to all Defendants will arise in this action.

## The Patents-In-Suit

9.      CRFD is the owner by assignment of the '233 Patent, entitled "System for Automated, Mid-Session, User-Directed, Device-to-Device Session Transfer System," which the United States Patent & Trademark Office duly issued on March 13, 2007.  A true and correct copy of the '233 Patent is attached hereto as Exhibit A.

10.      The inventions of the '233 Patent are applicable to, among other things, a transfer of an on-going software session from one device to another device.

11.      CRFD is the owner by assignment of the '486 Patent, entitled "Web Page Content Translator," which the United States Patent & Trademark Office duly issued on August 11, 2009. A true and correct copy of the '486 Patent is attached hereto as Exhibit B.

12.      The inventions of the '486 Patent are applicable to, among other things, reformatting of web content into a format for viewing on a mobile device.

## Defendants' Infringing Products and Methods

13.      Amazon serves consumers, sellers, enterprises, and content creators both across the United States and internationally, and "seek[s] to be Earth's most customer-centric company."[1]  Amazon purports, for example, to have tens of millions of members for its Amazon Prime service, to which Amazon provides premium video content.[2]  Amazon provides streaming media services to its customers by transferring content onto its customers' Amazon-enabled devices.  Amazon further provides web services designed to make web-scale computing and

---

[1] Amazon.com, Inc., Annual Report (Form 10-K), at 3 (Jan. 31, 2014).
[2] *Amazon.com Announces Fourth Quarter Sales Up 20% to $25.59 Billion, Amazon.com Investor Relations: Press Release*, Amazon.com/ir (Jan. 30, 2014), http://phx.corporate-ir.net/phoenix.zhtml?c=97664&p=irol-newsArticle&ID=1895485&highlight=.

content distribution easier for its customers.

14.     Upon information and belief, Defendants make, use, sell, lease, import and offer for sale products that allow users to transfer an on-going software session from one device to another device, including but not limited to their streaming media services ("Defendants' '233 Infringing Products").  For example, Defendants' streaming media services include, without limitation, Amazon Instant Video, Amazon Prime, Amazon Cloud Player, Amazon Games, and Amazon GameCircle, which conduct a session with a user's Amazon-enabled device, including Amazon Kindle Fire tablets, computers, televisions, smartphones, game consoles, and Blu-ray players, among other devices, and transfer content to a user's additional Amazon-enabled devices partly through software components, including but not limited to Amazon's Whispersync service. Defendants purport that when a user's Amazon-enabled devices are networked, the media content on one Amazon-enabled device can be accessed by all Amazon-enabled devices.  For example, Defendants further purport that, with Amazon Instant Video, "Whispersync for Videos keeps track of [the user's] last location in a video so [the user] can resume watching across [the user's] Kindle Fire, PC, Mac, or one of over 300 compatible TVs, Blu-ray players, or devices."[3]

15.     Upon information and belief, Defendants make, use, sell, lease, import and offer for sale products that reformat web content into an optimized format readable by mobile devices, including but not limited to their Amazon Web Services products and services ("Defendants' '486 Infringing Products").  For example, Defendants' Amazon Web Services include Amazon Elastic Compute Cloud (Amazon EC2) ("Amazon EC2"), Amazon Simple Storage Service (Amazon S3) ("Amazon S3"), Amazon CloudFront, and AWS Marketplace, among other products and services.  Defendants purport that, for instance, Amazon EC2 "reduces the time

---

[3] *Amazon.com Help: Sync Across Kindle Devices & Apps*, Amazon.com,
http://www.amazon.com/gp/help/customer/display?nodeId=200911660 (last visited Mar. 5, 2014).

required to obtain and boot new server instances to minutes, allowing [a user] to quickly scale capacity, both up and down, as [the user's] computing requirements change."[4]  In addition, "Amazon S3 provides a simple web-services interface that can be used to store and retrieve any amount of data, at any time, from anywhere on the web.  It gives any developer access to the same highly scalable, reliable, secure, fast, inexpensive infrastructure that Amazon uses to run its own global network of web sites."[5]  Defendants further purport that Amazon CloudFront "integrates with other Amazon Web Services to give developers and businesses an easy way to distribute content to end users with low latency, high data transfer speeds, and no commitments."[6]  Defendants purport that Amazon Web Services products and services "make web-scale computing easier for developers."[7]

## COUNT I:  INFRINGEMENT OF THE '233 PATENT

16.     Plaintiff incorporates paragraphs 1-15 herein by reference as if set forth here in full.

17.     Upon information and belief, Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '233 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, products and services that transfer an on-going software session from one device to another device.  Without limitation, and by example only, Defendants directly infringe and continue to directly infringe at least claim 23 of the '233 Patent by making, selling, using and offering for sale at least Amazon's streaming media services, including but not limited

---

[4] *AWS - Amazon Elastic Compute Cloud (EC2) - Scalable Cloud Servers*, AWS.Amazon.com, http://aws.amazon.com/ec2/ (last visited Mar. 5, 2014).
[5] *AWS - Amazon Simple Storage Service (S3) - Cloud Storage*, AWS.Amazon.com, http://aws.amazon.com/s3/ (last visited Mar. 5, 2014).
[6] *AWS - Amazon CloudFront CDN - Content Delivery & Distribution Network*, AWS.Amazon.com, http://aws.amazon.com/cloudfront/ (last visited Mar. 5, 2014).
[7] *AWS - Amazon Elastic Compute Cloud (EC2) - Scalable Cloud Servers*, *supra* note 4; *AWS - Amazon Simple Storage Service (S3) - Cloud Storage*, *supra* note 5.

to Amazon Instant Video, Amazon Prime, Amazon Cloud Player, Amazon Games, and Amazon GameCircle, among other services.  Additionally, Defendants directly infringe and continue to directly infringe at least claim 1 of the '233 Patent by making, using, selling, and offering for sale at least Amazon's streaming media services.

18.     Defendants also directly infringe one or more claims of the '233 Patent by directing and/or controlling their employees, executives, users, agents, affiliates, suppliers and customers to use the aforementioned products that transfer an on-going software session from one device to another device within the United States.

19.     To the extent that any claim is construed to require a system, Defendants also directly infringe one or more claims of the '233 Patent by providing to users software, hardware and/or platforms that transfer an on-going software session from one device to another device, thus putting the aforementioned system into use.

20.     By using the methods claimed in the '233 Patent and by making, selling, importing, offering for sale and/or using the aforementioned products that transfer an on-going software session from one device to another device, Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '233 Patent, either literally or under the doctrine of equivalents.

21.     Upon information and belief, upon knowledge of the '233 Patent (at least since the filing date of this Complaint) Defendants are contributing to the infringement of the '233 Patent by, among other things, knowingly and with intent, actively encouraging their customers, suppliers, agents, users and affiliates to make, use, sell and/or offer for sale at least Amazon's streaming media services, including but not limited to Amazon Instant Video, Amazon Prime, Amazon Cloud Player, Amazon Games, and Amazon GameCircle, among other services, which

constitutes infringement of at least claims 1 and 23 of the '233 Patent.  For example, to the extent that any claim is construed to require a system, Defendants provide components, including software, hardware and/or platforms, for use in networked systems, which transfer an on-going software session from one device to another device.  Defendants know that such products constitute a material part of the inventions of the '233 Patent, know those products to be especially made or adapted to infringe the '233 Patent, and know that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

22.     By contributing to their customers', suppliers', agents', users' and affiliates' use of the apparatus and methods claimed in the '233 Patent and their making and/or using the aforementioned streaming content products and/or services, Defendants have been and are now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the '233 Patent, either literally or under the doctrine of equivalents.

23.     Upon information and belief, upon knowledge of the '233 Patent (at least since the filing date of this Complaint), Defendants are inducing infringement of the '233 Patent by, among other things, knowingly and with intent, actively encouraging their customers, suppliers, users, agents and affiliates to make, use, sell and/or offer for sale Defendants' aforementioned products that transfer an on-going software session from one device to another device in a manner that constitutes infringement of one or more claims of the '233 Patent, with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, and knowing that such activities infringe the '233 Patent, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials.  For example, Defendants provide users with materials explaining how to operate Amazon Instant Video on Amazon-enabled devices, including how a user can continue

playing a prior, partially-watched video from the point at which that video was earlier paused on an Amazon-enabled device.[8]

24.     To the extent that Defendants' users can be considered to put the aforementioned products that transfer an on-going software session from one device to another device into use (for example, to the extent any claim is construed to require such a system), then Defendants would also be inducing infringement of the '233 Patent by, among other things, knowingly and with intent (at least since the filing date of this Complaint) actively encouraging their users to make and use Defendants' aforementioned products that transfer an on-going software session from one device to another device in a manner that constitutes infringement of one or more claims of the '233 Patent, with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, and knowing that such activities infringe the '233 Patent, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials.

25.     By inducing their customers', suppliers', users', agents' and affiliates' use of the apparatus and methods claimed in the '233 Patent and their making and/or using at least Amazon's streaming media services, including but not limited to Amazon Instant Video, Amazon Prime, Amazon Cloud Player, Amazon Games, and Amazon GameCircle, among other services, Defendants have been and are now indirectly infringing under 35 U.S.C. § 271(b) at least claims 1 and 23 of the '233 Patent, either literally or under the doctrine of equivalents.

26.     As a result of Defendants' unlawful infringement of the '233 Patent, CRFD has suffered and will continue to suffer damage.  CRFD is entitled to recover from Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

---

[8] *See, e.g., Amazon.com Help: Sync Across Kindle Devices & Apps, supra* note 3; *Amazon.com Help: Access Your Video Library*, Amazon.com, http://www.amazon.com/gp/help/customer/display?nodeId=200238960 (last visited Mar. 5, 2014).

27.     Defendants will continue to infringe the '233 Patent unless and until they are enjoined by this Court.

28.     Defendants, by way of their infringing activities, have caused and continue to cause CRFD to suffer damages in an amount to be determined at trial.  CRFD has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the '233 Patent, CRFD will suffer irreparable harm.

### COUNT II:  INFRINGEMENT OF THE '486 PATENT

29.     Plaintiff incorporates paragraphs 1-28 herein by reference as if set forth here in full.

30.     Upon information and belief, Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '486 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, products and services that reformat web content.  For example, and without limitation, Defendants directly infringed and continue to directly infringe the '486 Patent in Delaware and elsewhere in the United States.  Defendants directly infringe and continue to directly infringe at least claims 11 and 12 of the '486 Patent by making, selling, using and offering for sale at least their Amazon Web Services products and services, including but not limited to Amazon EC2, Amazon S3, Amazon CloudFront, and AWS Marketplace, among other products and services.

31.     Defendants also directly infringe one or more claims of the '486 Patent by directing and/or controlling their employees, executives, users, agents, affiliates, suppliers and customers to use the aforementioned web content reformatting products within the United States.

32.     To the extent that any claim is construed to require a system, Defendants also

directly infringe one or more claims of the '486 Patent by providing web content reformatting software, platforms and/or hardware to users, thus putting the aforementioned web content reformatting products into use.

33.    By using the methods claimed in the '486 Patent and by making, selling, importing, offering for sale and/or using the aforementioned web content reformatting products, Defendants have been and are now directly infringing under 35 U.S.C. § 271 one or more claims of the '486 Patent, either literally or under the doctrine of equivalents.

34.    Upon information and belief, upon knowledge of the '486 Patent (at least since the filing date of this Complaint) Defendants are contributing to the infringement of the '486 Patent by, among other things, knowingly and with intent, actively encouraging their customers, suppliers, agents, users and affiliates to make, use, sell and/or offer for sale Defendants' products and services, such as, but not limited to their Amazon Web Services products and services, including but not limited to Amazon EC2, Amazon S3, Amazon CloudFront, and AWS Marketplace, among other products and services, which infringe at least claims 11 and 12 of the '486 Patent.  For example, to the extent that any claim is construed to require a system, Defendants provide components, including web content reformatting software, platforms and/or hardware for use in systems with mobile devices.  Defendants know that such products constitute a material part of the inventions of the '486 Patent, know those products to be especially made or adapted to infringe the '486 Patent, and know that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

35.    By contributing to their customers', suppliers', agents', users' and affiliates' use of the apparatus and methods claimed in the '486 Patent and their making and/or using the aforementioned web content reformatting products, Defendants have been and are now indirectly

10

infringing under 35 U.S.C. § 271(c) one or more claims of the '486 Patent, either literally or under the doctrine of equivalents.

36.     Upon information and belief, upon knowledge of the '486 Patent (at least since the filing date of this Complaint), Defendants are inducing infringement of the '486 Patent by, among other things, knowingly and with intent, actively encouraging their customers, suppliers, users, agents and affiliates to make, use, sell and/or offer for sale Defendants' aforementioned web content reformatting products in a manner that constitutes infringement of at least claims 11 and 12 of the '486 Patent, with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, and knowing that such activities infringe the '486 Patent, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials.  For example, Defendants provide Amazon Web Services literature promoting the features and benefits of cloud computing, among other things.[9]

37.     To the extent that Defendants' users can be considered to put the aforementioned web content reformatting products into use (for example, to the extent any claim is construed to require such a system), then Defendants would also be inducing infringement of the '486 Patent by, among other things, knowingly and with intent (at least since the filing date of this Complaint), actively encouraging their users to make and use Defendants' aforementioned web content reformatting products in a manner that constitutes infringement of one or more claims of the '486 Patent, with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, and knowing that such activities infringe the '486 Patent, including through the creation and dissemination of promotional and marketing materials, instructional materials,

[9] *See, e.g.,* Jinesh Varia, *Architecting for the Cloud: Best Practices*, Amazon Web Services (Jan. 2011), http://media.amazonwebservices.com/AWS_Cloud_Best_Practices.pdf.

product materials and technical materials.

38.     By inducing their customers', suppliers', users', agents' and affiliates' use of the apparatus and methods claimed in the '486 Patent and their making and/or using at least Amazon Web Services products and services, including but not limited to Amazon EC2, Amazon S3, Amazon CloudFront, and AWS Marketplace, among other products and services, Defendants have been and are now indirectly infringing under 35 U.S.C. § 271(b) at least claims 11 and 12 of the '486 Patent, either literally or under the doctrine of equivalents.

39.     As a result of Defendants' unlawful infringement of the '486 Patent, CRFD has suffered and will continue to suffer damage.  CRFD is entitled to recover from Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

40.     Defendants will continue to infringe the '486 Patent unless and until they are enjoined by this Court.

41.     Defendants, by way of their infringing activities, have caused and continue to cause CRFD to suffer damages in an amount to be determined at trial.  CRFD has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the '486 Patent, CRFD will suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, CRFD respectfully requests that this Court enter judgment in its favor as follows:

A.     Holding that Defendants have directly infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Asserted Patents;

B.     Holding that Defendants have indirectly infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Asserted Patents;

      C.      Permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Asserted Patents;

      D.      Permanently enjoining the use of the products that transfer an on-going software session from one device to another device and the web content reformatting products created or used according to the patented methods of the Asserted Patents;

      E.      Awarding to CRFD the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

      F.      Declaring this to be an exceptional case and awarding CRFD's attorneys' fees under 35 U.S.C. § 285;

      G.      Awarding CRFD costs and expenses in this action;

      H.      Awarding CRFD pre- and post-judgment interest on its damages; and

      I.      Awarding CRFD such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

CRFD, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated: March 7, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300

Of Counsel:

bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Mark S. Raskin
Robert Whitman
John Petrsoric
Eric Berger
Mishcon De Reya New York LLP
750 Seventh Ave., 26th Floor
New York, NY 10003

*Attorneys for Plaintiff*
*CRFD Research, Inc.*